

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

January 5, 1956

Mr. J. M. Falkner
Banking Commissioner
Department of Banking
Austin 14, Texas

Dear Mr. Falkner:

Opinion No. S-186

Re: Construction of Article 2481,
Vernon's Civil Statutes, regarding the declaration and payment
of dividends by credit unions.

You have requested an opinion of this office concerning the authority of credit unions, organized and regulated under Articles 2461-2484b, Vernon's Civil Statutes, to declare dividends from their excess income accumulated from prior years.

Article 2481, V. C. S., reads as follows:

"At the annual meeting a dividend may be declared _from income which has been actually collected during the fiscal year next preceding_ or during the months which have elapsed since the association began business, and which remains after the deduction of all expenses, and the amount required to be set apart as a guaranty fund. Such dividend shall be paid on all fully paid shares outstanding at the close of the fiscal year, but shares which become fully paid during the year shall be entitled only to a proportional part of said dividend, calculated from the first day of the month following such payment in full. Dividends due to a member shall be paid to him in cash or credited to the account of partly paid shares for which he has subscribed. Dividends shall not exceed six per cent (6%) per annum." (Emphasis added.)

This office is of the opinion that credit unions may only declare and pay dividends from income, less expenses and ten percent for the guaranty fund, actually collected during the fiscal year next preceding.

A construction should not be adopted which would make any of the words in the statute meaningless. 39 Tex. Jur. 208, Statutes, Sec. 112. To hold that the statute permits credit unions to declare a dividend from their past net profits disregards the statutory words "from income which has been actually collected during the fiscal year next preceding."

As an aid to the proper construction of this statute, we may refer to other provisions of the Act regulating credit unions. Article 2480, V. C. S., reads:

"Immediately before a meeting of the directors _called to recommend the declaration of a dividend_, the supervisory committee shall make a thorough audit of the receipts, disbursements, income, assets and liabilities of the association _for the fiscal year_, and shall make a full report thereon to the directors. Said report shall be read at the annual meeting and shall be filed and preserved with the records of the association." (Emphasis added.)

It is apparent that the report referred to in Article 2480 is essential to the proper determination of the dividend. It is a fiscal year report of a credit union's business, and this fact reflects that the directors are relegated to the fiscal year when ascertaining the amount of the dividend to be declared.

Further, your department has construed the statute so as to permit the declaration of the dividend only from the income collected during the preceding fiscal year. This departmental construction is persuasive in the construction of this law. 39 Tex. Jur. 235, Statutes, Sec. 126.

The statutory language "or during the months which have elapsed since the association began business" must refer to newly created credit unions whose fiscal year date is reached before the completion of a calendar year.

## SUMMARY

Article 2481, V. C. S., permits credit unions to declare and pay dividends from only the income, less expenses and ten percent for the guaranty fund, collected during the fiscal year next preceding the dividend payment.

APPROVED:

Mert Starnes
Oil and Gas Division

John Atchison
Reviewer

Will D. Davis
Reviewer

Yours very truly,

JOHN BEN SHEPPERD

_William W. Guild_

William W. Guild
Assistant Attorney General

Mr. J. W. Falkner, page three (Opinion S-186)


Elbert M. Morrow
Special Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General